Antonio Oliveira *vs.* Anna M. Oliveira.

DECEMBER 31, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is a bill in equity seeking to have the respondent declared to be the trustee for complainant of all of a certain fund of $1,105.65, originally deposited in the name of the respondent in the Providence Institution for Savings in the city of Providence. The bill, in addition to the prayer for special relief, has a prayer for general relief. The cause was heard on bill, answer and proof. At the conclusion of the hearing the bill was dismissed on the ground that complainant had failed to establish his right to the special relief prayed for.

The cause is here on complainant's appeal. The reasons

of appeal are that the decree is against the law and the weight of the evidence.

The parties are husband and wife. They are foreign born, have been married fourteen years and have three children. Complainant, a dock laborer, claims that although he understands English he cannot read or write it very well. Either from lack of understanding of the English language or of truthfulness, his testimony is, in parts, contradictory and is not wholly convincing. Respondent's testimony likewise is not wholly convincing.

From the evidence certain facts are sufficiently proved. Complainant worked, on an average, four days a week and earned about $20; respondent kept house and, at different times and for different periods, had several boarders.

Complainant testified that the money in controversy was acquired by his own labor exclusively; that, desiring to remove the money from his trunk where he kept it, he went, with his wife, to the Providence Institution for Savings to deposit the money in the joint names of himself and his wife; he intended that she should have the right to draw on the deposit in case of necessity and the right to have the entire fund if she survived him; that at the bank his wife arranged for making the deposit and she received the deposit book which he then supposed was made out in the names of both of them but, as he subsequently discovered, the deposit was made in the name of his wife alone. He claims that the bankbook was in his possession until March, 1931, when, after his wife had started divorce proceedings, it was taken by his wife without his consent; that she thereafter closed the account in the savings bank and received therefor a cashier's check on another local bank; that she placed the cancelled book with this check in her trunk where he subsequently found them and took them into his possession.

Respondent claims she had trouble with complainant in 1922 and later by mutual agreement they divided the balance of a bank account in the name of complainant, and

agreed thereafter to keep their earnings separate and to consider them as the individual property of each. Respondent testified that the entire fund is hers; that she earned the money by taking boarders and doing washing; that after she began proceedings for divorce she withdrew the money on deposit and secured a cashier's check on another bank as she feared her husband might attach it if it were allowed to remain in the original depositary.

The decision that complainant had not established his claim to sole ownership in the fund is supported by the evidence. The trial court, however, did not decide whether complainant had a partial ownership therein. Complainant admits that he intended and expected to have a joint ownership with respondent when the deposit was made.

As the bill contains a prayer for general relief and as complainant and respondent are the only parties making any claim to the fund, the question of complainant's ownership in this fund, either total or partial, should properly be decided in this proceeding.

Respondent, we think, did earn and save some of the money which was deposited. But her sources of income were so limited that her claim of exclusive ownership is difficult to believe and it is not supported by the evidence. Her action in secretly withdrawing the deposit for the reason stated betokens a knowledge of her husband's claim to some ownership in the fund.

Respondent admits that her husband paid the rent for the house, clothed the children and furnished money for the support of the family during most of their married life.

Upon consideration of the whole evidence, we are of the opinion that neither party owns the entire fund but that it is a joint fund in which the husband and the wife have an equal interest. In view of the fact that they have separated and a proceeding for a divorce is pending, we are of the opinion that an equal division of the fund between complainant and respondent should be made. The cashier's check above referred to has been impounded in the Superior

Court and the fund is subject to the control of said court. As the respondent, as thus appears, is a trustee for complainant of one-half of the fund, it was erroneous to dismiss the bill without deciding complainant's right to relief under the prayer for general relief.

Section 32, Chapter 339, General Laws 1923, provides that upon any cause being brought to the Supreme Court by appeal, this court shall hear and determine such appeal and affirm, reverse or modify the decree or judgment appealed from and make such orders and decrees therein as shall be justified. For the reasons stated, the appeal of the complainant is sustained and the decree appealed from is reversed.

On the 8th day of January, 1932, at 10 o'clock, a. m., the parties may present to this court a form of decree for entry in the Superior Court.

*James M. Stockett, Jr.,* for complainant.

*Michael Pedro,* for respondent.